In the Matter of WILLIAM M. ZIFF, an Attorney, Respondent.

First Department, February 14, 1930.

*Isidor J. Kresel*, for the petitioners.

*William M. Ziff*, respondent, in person.

DOWLING, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on July 1, 1921, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

The petition charges, on information and belief, that the respondent has been guilty of misconduct as an attorney at law as follows:

In October, 1927, Elizabeth McCarton retained the respondent as her attorney to collect damages for personal injuries sustained by her while a passenger in a train operated by the Interborough Rapid Transit Company of the city of New York. In February, 1928, Elizabeth McCarton agreed to settle her claim for the sum of $300, and executed and delivered to the respondent a general release to be delivered by him to the Interborough Rapid Transit Company upon the payment to him by the company of the sum of $300. On or about February 10, 1928, the respondent delivered the general release to the Interborough Rapid Transit Company and received from the company a check for the sum of $300, which he subsequently cashed. The respondent converted the entire proceeds of the said check to his own use and did not remit any part thereof to his client until March 26, 1928, when he gave her the sum of $150. Between February 11, 1928, and March 21, 1928, the respondent from time to time falsely stated and represented to his client that he had not received any money from the Interborough Rapid Transit Company and she was not advised that the respondent had received any money in settlement of her claim until March 21, 1928, when she applied to the Interborough

Rapid Transit Company for information as to what had been done in the matter.

By way of answer to the petitioners' petition, respondent has filed an affidavit, in which he states: "Deponent does not deny his wrongdoing, * * *.

" The fact that deponent settled the case for $300.00 is conceded. It is also conceded that deponent received a check from the Interborough Rapid Transit Company on February 11, 1928, and that he did not pay the client's share thereof to her until March 26, 1928, when it was paid at her office."

In his affidavit the respondent further states that there is evidence that the payment to the client was made prior to the instigation of any proceedings or the service of any papers whatever on him, and that he paid this money to his client without any notice, threat or knowledge of these proceedings. And further, that during the months of January, February and March, 1928, respondent, due to illness of himself or members of his family, did not average two days a week in his office and that every dollar that respondent had was paid for doctors, nurses and medicines. That at one period during said winter, three nurses and five doctors had been called for illness of respondent's wife and child.

Respondent is a member of the Massachusetts bar, as well as that of this State. He appears to bear a good reputation and not to have been involved in any prior difficulties of any kind, as testified to by reputable witnesses. He admittedly was guilty of unprofessional conduct in withholding money from his client and denying that he had received any settlement from the railroad company. But he made restitution to his client before any complaint was lodged against him and has frankly confessed his wrongdoing. We think that the interests of justice will be served by the administration of a censure only, with a warning that a repetition of such an offense will lead to his disbarment.

FINCH, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent censured.